**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| CIRILO GALVEZ III,<br>Plaintiff<br>v.<br>STATE OF NEVADA,<br>Defendant | Case No.: 2:26-cv-02948-APG-DJA<br>**Order Granting Motion to Appoint Counsel**<br>[ECF No. 2] |

Cirilo Galvez III filed a document entitled Motion Under 28 USC § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. ECF No. 3 at 1. However, Galvez states that he was convicted of a crime in Nevada state court and is currently in an immigration processing center in California. *Id.* at 2, 5. He does not identify a federal conviction he is challenging, so § 2255 does not apply. *See* 28 U.S.C. § 2255(a) (stating it applies to a prisoner "in custody under sentence of a court established by Act of Congress"). Galvez appears to be challenging (1) his state court conviction because his attorneys in the state court case "failed to provide complete and competent legal advice" and (2) his current detention by the Department of Homeland Security because he has "been in immigration custody and detention for over a year." ECF No. 3 at 5. Thus, his motion may come within 28 U.S.C. § 2254 or § 2241. Galvez also moves for me to appoint him counsel. ECF No. 2.

I grant Galvez's motion to appoint counsel, and I appoint the Federal Public Defender to represent him. It is not clear whether the Federal Public Defender can represent him on either of his claims, and whether those claims must be split into different cases in different courts, because Galvez is detained in federal custody in California and challenging a Nevada state court conviction. But given the complexities at issue, including the lack of clarity on what Galvez is

attempting to do in this case, appointment of counsel is in the interests of justice.[1] I grant his motion so counsel may clarify what relief Galvez is seeking and in which court it is appropriate for him to do so.

I THEREFORE ORDER the motion for appointment of counsel **(ECF No. 2) is GRANTED**. The Federal Public Defender for the District of Nevada is appointed to represent Galvez and is directed to file a notice of appearance (or indicate its inability to represent Galvez) within seven days of the date of this Order. If the Federal Public Defender is unable to represent Galvez because of a conflict of interest or for any other reason, alternate counsel will be appointed. Appointed counsel will represent Galvez in all federal proceedings related to this matter, including any appeals or certiorari proceedings, unless allowed to withdraw.

I FURTHER ORDER that if the Federal Public Defender files a notice of appearance in this matter, it will then have 30 days to file an amended petition or a motion to dismiss the petition. The Federal Public Defender shall effectuate service of the amended petition, if one is filed, on the respondents.

I FURTHER ORDER the clerk of court to send a copy of the petition (ECF No. 3) and this Order to the Federal Public Defender at ecf_nvchu@fd.org, Galvez, and the CJA Coordinator for this division.

I FURTHER ORDER that a response to the amended petition, if one is filed, is due 14 days after the respondents are served with it. The respondents must file any documents

---

[1] Prisoners applying for habeas corpus relief are entitled to appointed counsel when the circumstances indicate that appointed counsel is necessary to prevent due process violations or when the interests of justice so require. 18 U.S.C. § 3006A; Rule 8(c), Rules Governing § 2254 Cases; *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986).

referenced or relied upon in their responsive pleading with that pleading. The petitioner will have 7 days to file a reply.

DATED this 2nd day of October, 2026.

ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE